SUMMARY ORDER

Petitioner Xian Jin Ye, a native and citizen of the People’s Republic of China, seeks review of a July 15, 2008 order of the BIA affirming the June 14, 2007 decision of Immigration Judge (“IJ”) Javier Balasquide denying Ye’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xian Jin Ye, No. A099 026 798 (B.I.A. July 15, 2008), aff'g No. A099 026 798 (Immig. Ct. N.Y. City June 14, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
We conclude that Ye failed to exhaust his challenge to the IJ’s adverse credibility determination by failing to raise it in his counseled appeal to the BIA. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 122 (2d Cir.2007). In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court, see Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. See Lin Zhong, 480 F.3d at 119-20. Here, the BIA specifically found that Ye had failed to challenge the IJ’s adverse credibility determination in his appeal. Accordingly, we decline to consider the unexhausted arguments he now makes before this Court. See id. at 107 n. 1(b) (“Even if the government does not point out a failure to exhaust an issue before the agency, such a failure to exhaust is sufficient ground for the reviewing court to refuse to consider that issue.”).
Ye’s failure to exhaust his challenge to the IJ’s adverse credibility determination is fatal to his petition for review, as his claims for asylum, withholding of removal, and CAT relief were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). We note, however, that a review of the record reveals ample support for the agency’s credibility determination.
*60 . For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).